## No. 25690

**John Howard Chambers v. The District Court in and for the County of Arapahoe and the Honorable Robert F. Kelley, one of the judges thereof**

(504 P.2d 340)

Decided December 18, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, John E. Myles, Deputy, for petitioner.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding wherein petitioner Chambers seeks a writ of prohibition to prevent his being tried in Arapahoe County District Court on criminal charges pending therein. Chambers filed a motion in the lower court requesting dismissal of a robbery charge on which he was about to be tried. He claims that the court has no jurisdiction to proceed against him since he was not brought to trial as specified in 1969 Perm. Supp., C.R.S. 1963, 39-23-3. It is from the denial of his motion that he predicates his ground for writ of prohibition. We agree with the trial court's disposition of the motion and discharge the rule.

In 1971 petitioner was charged with robbery in both Denver and Arapahoe Counties. While he was in custody in Denver, the Arapahoe County authorities filed a detainer on petitioner in the Denver County Jail. Chambers entered pleas of guilty to robbery and conspiracy to commit robbery in Denver district court and was sentenced to concurrent terms of five-six years. The Arapahoe County detainer was transferred with petitioner to the state penitentiary where

petitioner remains incarcerated.

On April 20, 1972, pursuant to section 39-23-1, petitioner filed a request for final disposition of the detainer with the Arapahoe District Court. On the same date the district attorney was notified of petitioner's request.

Represented by the Public Defender, petitioner appeared in the district court on April 28, 1972, and requested a preliminary hearing. At that time he also notified both the court and district attorney of his request for final disposition of the detainer. A preliminary hearing was held on May 30, 1972, and probable cause was found to believe that petitioner had committed the offense charged. Petitioner entered a plea of not guilty, and the case was set for jury trial on August 28, 1972, without objection.

On August 24, 1972 — four days before the trial date — petitioner filed his motion to dismiss the charges. Argument on the merits of the motion was held on August 25, the date for pretrial conference which had been expressly arranged to accommodate a request of defense counsel. Defendant's argument was that more than the mandatory 90 days within which trial must be had pursuant to statute had expired. The statute provides:

*"Trial or dismissal* — Within ninety .days after the receipt of the request by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the prisoner's attorney and opportunity to be heard. If, after such a request, the indictment, information, or criminal complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice."

Petitioner argues that in the absence of a stipulation for continuance the statutory provisions clearly command that,

if the defendant is not brought to trial within the prescribed 90-day period, no court within the state shall have jurisdiction of the case, and the complaint shall be dismissed with prejudice. In addition, petitioner argues that his request for disposition of the untried charge constituted the only affirmative action required on his part to invoke the mandatory provisions of the statute.

We disagree with petitioner's interpretation of the statute.

Since Colorado enacted in 1969 the Uniform Mandatory Disposition of Detainers Act, it has not been construed in this state. However, six other states which have also adopted the act, as well as California's own mandatory disposition of detainers provision, furnish us with sufficient precedent. In addition, Colorado cases dealing with the constitutional provisions for speedy trial supply authority for our disposition of this case.

■■ The Uniform Mandatory Disposition of Detainers Act was intended to implement those constitutional guarantees implicit in the right to a speedy trial. As the Minnesota Supreme Court said in construing their version of the act in *State v. Borough,* 287 Minn. 482, 178 N.W.2d 897:

"* * * [I]t is imperative to emphasize the necessity of proceeding with the prosecution of criminal cases with utmost dispatch whether the person against whom the criminal charge is pending is incarcerated or not. It is now established that the failure of states to accord a speedy trial is a deprivation of the right accorded by the Sixth Amendment of the United States Constitution, made obligatory upon the states by the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607; Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26. * * *"

■ Like some constitutional rights, however, the one affording defendant a speedy trial may be waived. Failure to object is a factor which may be considered in determining whether a waiver took place. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Keller v. Tinsley,* 335 F.2d 144, *cert. denied,* 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d

348; *Wixson v. People,* 175 Colo. 348, 487 P.2d 809; *Valdez v. People,* 174 Colo. 268, 483 P.2d 1333; *Padilla v. People,* 171 Colo. 521, 470 P.2d 846; *Keller v. People,* 153 Colo. 590, 387 P.2d 421.

In the instant situation the record shows that during the preliminary hearing defense counsel, with defendant present, expressly consented to a trial date beyond that of the statutory limit in such manner as to affirmatively acquiesce in the setting. When the court announced that he would set a trial date and pretrial date, he consulted counsel for both sides, and the record reveals the following:

"THE COURT: Are you available on August 28?

"MR. SELL: That is acceptable to the People.

"MR. MYLES: I will be available at that time.

"THE COURT: Trial to a jury of twelve, on Monday, August 28, 1972, beginning at 9:30 a.m. Do you intend to file any motions?

\* \* \*

"THE COURT: The pretrial conference will be held on Friday August 18, at 1:30 p.m. Unless you waive the appearance of the defendant at any one of those hearings, you are to advise the Court so that appropriate orders may be issued for his attendance.

"MR. MYLES: I will take care of that, Your Honor. As far as the pretrial date, I will be out of the state throughout that date.

"THE COURT: Can anybody else be here, or do you want it moved up a little bit?

"MR. MYLES: I would prefer to have it moved up one week because it would cause some difficulty."

We hold that defendant's counsel's failure to object to the trial date announced, his failure to request an earlier date, his statement as to availability on the date announced by the court, and his affirmative request for a pretrial date to accommodate his convenience all amounted to consent to the date and waiver of the specified 90 days subsequent to the request for detainer disposition. Referring to the California statute, which has a substantially similar detainer provision to

that of Colorado, California in *People v. Robinson,* 266 Cal. App. 2d 261, 72 Cal. Rptr. 33, stated:

"* * * where a case is set for trial, as in the present case, in the presence of the defendant and his counsel, and no objection is made to the date being beyond the statutory period, the objection is deemed waived. * * *"

In *Hicks v. People,* 148 Colo. 26, 364 P.2d 877, which involved the provisions of C.R.S. 1963, 39-7-12 and the speedy trial provisions of the Colorado Constitution, we stated:

"* * * that the constitutional right of an accused to a speedy public trial is not waived by inaction on the part of the accused. Affirmative action on his part, such as an express consent to delay or a request therefor, is necessary to constitute such waiver."

The holding therein is applicable to the instant case.

The rule is discharged.