## No. 27411

**Richard G. Harrington v. District Court in and for the County of Morgan, and Dean Johnson, District Court Judge, and County Court in and for the County of Morgan, and Edgar H. Brandenburg, Judge**

(559 P.2d 225)

Decided January 24, 1977.

Allen J. Kincaid, Dean J. Spader, for petitioner.

Doyle T. Johns, Jr., District Attorney, David L. Roberts, Deputy, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Petitioner in this original proceeding seeks relief in the nature of prohibition or mandamus to compel the respondent county court and respondent district court to dismiss a criminal charge against him on the grounds that he was not brought to trial within the six-month period required by section 18-1-405, C.R.S. 1973, and Crim P. 48(b). We issued a rule requiring the respondents to show cause why such relief should not be granted. We make the rule absolute and order the respondents to dismiss the criminal charges against the petitioner.

This case presents two issues: (1) whether the petitioner properly entered his plea of not guilty so that the six-month time limit commenced; and (2) whether petitioner agreed to waive his statutory speedy trial rights by not expressly objecting to a trial setting beyond the six-month period.[1]

The facts pertinent to the resolution of these issues are relatively brief. On January 9, 1976, petitioner was issued a summons and complaint, charging him with driving under the influence of alcohol[2] on or near that date. On January 14, 1976, counsel for defendant mailed a written "Entry of Appearance," "Entry of Plea of Not Guilty," and "Demand

---

[1] The district attorney, on behalf of the respondents, also questions whether this case is a proper one to invoke the original jurisdiction of this court. However, this court has exercised its original jurisdiction in several cases where the lower court has plainly failed to bring a defendant to trial within the prescribed time. *See, e.g., Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975); *Saiz v. District Court,* 189 Colo. 555, 542 P.2d 1293 (1975); *Coca v. District Court,* 187 Colo. 280, 530 P.2d 958 (1975); *Potter v. District Court,* 186 Colo. 1, 525 P.2d 429 (1974).

[2] Section 42-4-1202, C.R.S. 1973.

for Jury Trial and Speedy Trial" to the county court. These were entered on the criminal docket by the court. On July 7, 1976, counsel for the petitioner and an assistant district attorney attended a pretrial conference. At this time, a trial date of August 18, 1976 was set, which was approximately eight months from the date of the entry of the plea. No record of the trial setting is before this court, although both parties agree that petitioner's counsel did not expressly object to this trial date.

Two weeks prior to the trial date, petitioner filed a motion to dismiss based on the failure to try him within the six-month period provided by statute. The county court rejected this motion to dismiss and the district court refused to grant petitioner's request for relief in the nature of prohibition and mandamus against the county court because it felt that the speedy trial issue should be decided in the normal appellate channels. Thereafter, petitioner requested relief from this court pursuant to C.A.R. 21.

In answer to our show cause order, respondents claim that petitioner's written plea by his counsel was not in accordance with the statutes and court rules of procedures and therefore did not effect a commencement of the six-month period under the speedy trial statute.[3] Respondents cite Crim. P. 10, which states that an "arraignment shall be conducted in open court," and Crim. P. 10(a), and 11(c), which permit a court to accept pleas "entered in writing by the defendant or orally made by his counsel" in certain misdemeanor cases.[4] Neither of the rules expressly permits written pleas made by defendant's counsel.

■ Even were we to accept respondents' theory that a written entry of a plea of not guilty by a defense counsel does not comply with the foregoing court rules, we, nevertheless, believe the plea in this case was effective for purposes of commencing the speedy trial period. The county court, the district attorney, and the petitioner affirmatively proceeded on the basis that a plea of not guilty had been entered when setting the case for trial.

■ We note also that the arraignment procedures are designed primarily to protect the defendant, and as a result, section 16-7-203, C.R.S. 1973, provides that a defendant may waive any technical irregularity in the proceeding:

---

[3] Both Crim. P. 48(b) and section 18-1-405, C.R.S. 1973 provide that if a defendant is not brought to trial "within six months from the entry of a plea of not guilty," charges against him should be dismissed.

[4] Rule 10(a) states that a defendant must be personally present for his arraignment, or if offense charged is a class one misdemeanor, or if the maximum penalty is more than one year's imprisonment.

In the instant case, petitioner was charged with a class one *traffic* misdemeanor that is punishable by a maximum of one year's imprisonment. Sections 42-4-1202(4)(a) and 42-4-1501, C.R.S. 1973, as amended, (1976 Supp.).

"No irregularity in the arraignment which does not affect the substantial rights of the defendant shall affect the validity of any proceeding in the cause if the defendant pleads to the charge or proceeds to trial without objecting to the irregularity."

Respondents therefore must justify their failure to bring petitioner to trial within six months from when the written plea was received and entered on the court's docket. Respondents' sole excuse for failing to do so is that petitioner's counsel did not expressly object to a trial setting beyond the six-month period. They reason that if a defense counsel is present he must object to a trial setting beyond the six-month period or else waive the defendant's speedy trial rights under the statute.

This court has not yet ruled on this precise issue. In *Carr v. District Court, supra*, n. 1, we held that a defendant, who contemporaneously objects to a trial setting beyond the six-month limit, is entitled to a dismissal of the charges against him. On the other hand, in *People v. Flowers*, 190 Colo. 453, 548 P.2d 918 (1976), we held that a defendant, who agrees to a continuance of his own trial until the trial in progress is completed and then manifests this agreement by requesting the court to continue subpoenas and to place the witnesses on call, is not entitled to a dismissal of the charges because he has agreed to an extension beyond the six-month period. *See also People v. Buggs*, 186 Colo. 13, 525 P.2d 421 (1974), and *Chambers v. District Court*, 180 Colo. 241, 504 P.2d 340 (1972). In none of these cases has this court ruled that a defendant has a duty to make an objection to a late trial setting or that his mere silence in the face of such a trial setting must be construed as a tacit agreement to waive his rights under the speedy trial statute.

■ For the following reasons, we now hold that mere silence by a defense counsel at a trial setting shall not be construed as a waiver of the defendant's statutory right to a speedy trial. An express consent to the delay or other affirmative conduct evidencing such consent must be shown.

■ Section 18-1-405(1) provides in pertinent part that "Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint. . . within six months from the date of the entry of a plea of not guilty . . . the pending charges shall be dismissed. . . ."

We have held that such language is mandatory and leaves no discretion for a court to fashion exceptions to the six-month rule apart from those delineated in the statute. *Carr v. District Court, supra.*

■ Notably, the statute does not state that a defendant's failure to object to a trial setting beyond the six-month period should be viewed as a delay attributable to the defendant. In fact, subsection 5 mandates that the only affirmative action required on the part of the defendant be that he move for a dismissal prior to trial.

Subsection 5 does not require the defendant to demand his right at the earliest possible time, but rather, it merely requires that the defendant make such a demand prior to the commencement of his trial, which in most cases, would certainly be after the trial setting.

Rule made absolute.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.