### No. 28446

### The People of the State of Colorado v. Alvin Pierre Jacobs, a/k/a Donald Peterson

(596 P.2d 1187)

Decided June 18, 1979. Opinion modified and as modified rehearing denied July 16, 1979.

76

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David Schwartz, Assistant, Appellate Section, Lynne M. Ford, Assistant, for plaintiff-appellee.

Jerry L. Stevens, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Alvin Pierre Jacobs, was convicted of first-degree sexual assault, section 18-3-402, C.R.S. 1973 (1978 Repl Vol. 8), and second-degree burglary, section 18-4-203, C.R.S. 1973 (1978 Repl Vol. 8). We affirm.

Defendant has sought review of his conviction on the basis of nine separate allegations of error. Only two of his contentions merit discussion.

■ Defendant's first contention is that the state, in the course of its extradition and trial of defendant, did not comply with the provisions of the Interstate Agreement on Detainers, section 24-60-501, *et seq.,* C.R.S. 1973. Of course, failure on the part of the state to comply with the mandates of the Interstate Agreement on Detainers would require dismissal of the charges against the defendant with prejudice. *Hughes v. District Court,* 197 Colo. 396, 593 P.2d 702 (1979).

■ We first note that the defendant has raised this issue for the first time in this court. However, since compliance with the Interstate Agreement on Detainers is a jurisdictional prerequisite to the state's ability to try a defendant on the charges against him, noncompliance may be raised for the first time on appeal. *See* Art. III(d); *Hughes v. District Court, supra.*

"[M]ere silence by a defense counsel at a trial setting shall not be construed as a waiver of the defendant's statutory right to a speedy trial. An express consent to the delay or other affirmative conduct evidencing such consent must be shown." *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977). *See also, Hicks v. People,* 148 Colo. 61, 364 P.2d 877 (1961); *People v. Lopez,* 41 Colo. App. 206, 587 P.2d 792 (1978).

Article III of the Interstate Agreement on Detainers provides, in part, that:

"(a)  Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

"(b)  The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt

requested.

. . . .

"(d)  Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections, or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information, or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

█  The charges in Colorado were initiated by the filing of a criminal complaint. Thereafter, the defendant was incarcerated in Wisconsin on unrelated criminal charges. In early April of 1977, while the defendant was incarcerated in Wisconsin, he wrote directly to the Adams County district attorney requesting disposition of the Colorado charges. *See* Art. III, *supra*. The defendant was extradited, and his trial on the Colorado charges was not commenced until February 21, 1978. Defendant asserts that, because he was not "brought to trial within one hundred eighty days" of his request for disposition of the charges against him, the criminal complaint should have been dismissed with prejudice, pursuant to Article III. We disagree.

Defendant's request for disposition was sent directly to the district attorney. The demand was not first sent or made to the Wisconsin official who had custody of the defendant at the time and, thus, was not forwarded by that official to the district attorney with the appropriate accompanying documents, as mandated by Article III. Compliance with the requirements of the Interstate Agreement on Detainers is essential. *Hughes v. District Court, supra.* Since the defendant did not make his April 1977 request for disposition in compliance with those requirements, his request was insufficient to trigger the state's obligations under Article III.

█  On October 12, 1977, the defendant finally sent a request for disposition that complied with Article III. He was thereafter brought to trial within one hundred eighty days of that request. His contention that his conviction was vitiated by a failure to comply with the strictures of the Interstate Agreement on Detainers is, therefore, without merit.

Defendant's second contention is that the defense provided by the public defender amounted to a denial of his Sixth Amendment right to the "effective assistance of counsel." *See People v. Blalock,* 197 Colo. 320, 592 P.2d 406 (1979). It appears affirmatively from the record that the defendant received "the reasonably competent assistance of an attorney acting as his diligent conscientious advocate." *United States v. DeCoster,* 487 F.2d 1197, 1202 (1973). The defendant's claim that he was deprived of the effective assistance of counsel is also without merit. *People v. Blalock, supra.*

Accordingly, we affirm.