**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wallace McElwee SANDERS, Defendant-Appellant.**

**No. 81–1289.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1982.

Decided March 1, 1982.

Certiorari Denied May 3, 1982. See 102 S.Ct. 2044.

J. Frank McCabe, Goorjian, McCabe & Potter, San Francisco, Cal., for defendant-appellant.

Robert L. Dondero, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before SNEED, and TANG, Circuit Judges, and STEPHENS *, District Judge.

* Honorable Albert Lee Stephens, Senior United States District Judge for the Central District of California, sitting by designation.

1. The United States and the State of California participate in the Interstate Agreement. Article III(a) provides, in pertinent part:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment

SNEED, Circuit Judge:

Sanders was indicted on two counts of theft and one count of conspiracy to steal goods in foreign shipment. The first count related to a theft that at an earlier date had resulted in a one count complaint being issued against Sanders. The federal authorities, shortly after the one count complaint, had lodged a detainer against Sanders, then an inmate in state prison. In response to Sanders' speedy trial request made pursuant to the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. Appendix Art. III(a),[1] the earlier one count complaint was dismissed and the detainer was removed.

Prior to trial on the three count indictment from which this appeal is taken, the trial court dismissed the first count. Sanders was convicted on the other two counts. Sanders appeals the district court's refusal to dismiss the latter two counts along with the first. We affirm.

Sanders would have this court apply the one-hundred and eighty day time limit provided in Article III(a) not only to charges pending at the time a defendant files a speedy trial request, but also to subsequently filed charges for related offenses, which the prosecutor, at the time it lodged its detainer, had reason to believe were committed by the defendant. There is simply no support in either the language or legislative history of the IADA for this claim. Article III of the Act requires dismissal of only untried indictments, informations or complaints that are "pending" at the time the detainer is filed. Similarly, during the limited debate on the Act, its sponsors repeatedly indicated that "[a]t the heart of

there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered . . . written notice of . . . his request for a final disposition to be made of the indictment, information, or complaint . . . .

this measure is the proposition that a person should be entitled to have criminal charges *pending* against him determined in an expeditious fashion . . . ." 116 Cong. Rec. 38840 (1970) (emphasis added); *see also* 116 Cong.Rec. 13999 (1970).

The only complaint that was pending at the time the first detainer was lodged was eventually dismissed. The court below, in dismissing the first count, gave Sanders all the relief he was entitled to under the IADA.

AFFIRMED.