The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Jesse M. GREENWALD, Defendant-Appellee.
(Two Cases)

The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Jesse Michael GREENWALD, Defendant-Appellee.

Nos. 82SA577, 83SA168, 83SA2.

Supreme Court of Colorado, En Banc.

July 8, 1985.

Rehearing Denied in 83SA168 Aug. 19, 1985.

Nolan L. Brown, Alan C. Shafner and Robert R. Gallagher, Jr., Dist. Attys., James S. Russell, Catherine Adkisson, Noel E. Blum, Deputy Dist. Attys., Golden, for plaintiff-appellant.

David F. Vela, State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The People of the State of Colorado have filed appeals from two decisions of the Jefferson County District Court and one decision of the Arapahoe County District

Court dismissing three cases filed against the defendant, Jesse Michael Greenwald. Because the rulings in these cases are based on related issues involving interpretation of the Interstate Agreement on Detainers Act (IAD), § 24–60–501 to –507, 10 C.R.S. (1982), the appeals have been consolidated. We affirm the judgments entered in the Jefferson County cases and reverse the judgment of the Arapahoe County District Court.

The facts surrounding the three appeals are undisputed. In February of 1981, the People filed an information in the Jefferson County District Court (Case No. 82SA577) charging the defendant with the offense of theft.[1] The defendant appeared, was released on bond, and the trial was scheduled to commence in February of 1982.[2] In September of 1981, an information alleging an unrelated offense of theft was filed against the defendant in the Jefferson County District Court (Case No. 83SA2).[3] He was released on bond, and arraignment on this charge ultimately was set for December 28, 1981.

On October 14, 1981, an information was filed in the Arapahoe County District Court (Case No. 83SA168) charging the defendant with the offenses of theft and second degree forgery.[4] A preliminary hearing was set for December 31, 1981, in this case. However, the defendant left Colorado at some time after November 25, 1981. He was arrested in Oregon on December 26, 1981, and charged with violation of Oregon criminal statutes. On May 21, 1982, he was sentenced to a period of incarceration in the Oregon State Correctional Institution at Salem, Oregon, on the basis of pleas of guilty to three forgery charges in that jurisdiction.

On June 9, 1982, a deputy district attorney from Jefferson County, Colorado, sent a detainer to the Oregon State Correctional Institution.[5] In response to the detainer, officials at that institution executed an offer to deliver temporary custody of the defendant to Colorado on July 29, 1982, and on that date informed the defendant that a detainer from Jefferson County had been filed against him. Although the defendant indicated on a document he signed that he wished appointment of counsel, he was given no other information about the detainer, its contents, or his rights under the IAD.[6]

On October 12, 1982, Oregon parole authorities granted the defendant parole to the custody of the Jefferson County Sheriff's Office. He was returned immediately to Colorado. Upon learning that the defendant was being held in Jefferson County, the Arapahoe County District Attorney petitioned the Arapahoe County District Court for a writ of habeas corpus *ad prosequendum* to secure the defendant's appearance in that forum with regard to the pending theft and forgery charges. The trial court issued the writ, and the defend-

---

1. This information charged a violation of § 18–4–401, 8 C.R.S. (1978). Portions of this statute have been amended. *See* § 18–4–401, 8 C.R.S. (1984 Supp.).

2. A second count of second degree burglary was filed in this action, but was dismissed prior to the February trial date.

3. This information also charged a violation of § 18–4–401, 8 C.R.S. (1978).

4. This information alleged violations of § 18–4–401 and § 18–5–103, 8 C.R.S. (1978). Portions of the second degree forgery statute have been amended. *See* § 18–5–103, 8 C.R.S. (1984 Supp.).

5. The document was a request for temporary custody, as authorized by article IV(a) of the IAD. Defendant testified that on April 9, 1982, while he was incarcerated in the Clackamas County jail in Oregon, "a man came to the jail and called me up to the bars and showed me a document and said this is a Colorado detainer on you, and that was it." It appears that Arapahoe County officials did lodge some document with officials of the Clackamas County jail prior to defendant's convictions for offenses in Oregon. The Arapahoe County trial court properly ruled that that document did not initiate any proceedings under the IAD. *See People v. Yellen,* 704 P.2d 306 (Colo.1985). The only detainer pertinent to this appeal is the detainer initiated by Jefferson County prosecutorial officials in June of 1982.

6. Defendant testified that he was told only that a detainer from Colorado had been filed against him. The People have not contested this fact, and offered no contrary evidence at trial.

ant was brought before the Arapahoe County District Court on October 26, 1982, and on several subsequent dates pursuant to similar writs in connection with Case No. 83SA168.

The defendant filed motions to dismiss the Colorado charges in all three cases, asserting that Oregon officials had failed to comply with essential provisions of the IAD. A division of the Jefferson County District Court granted the motion to dismiss Case No. 82SA577 on November 22, 1982. Another division of the Jefferson County District Court granted the motion to dismiss Case No. 83SA2 on December 6, 1982. The Arapahoe County District Court granted the motion to dismiss Case No. 83SA168 on March 23, 1983. In that case the trial court basically ruled that the IAD applied to the charges pending against the defendant in Arapahoe County and that the trial of those charges had not been commenced within 120 days of his arrival in Colorado, as required by article IV(c) of the IAD.

■■■ The People argue that the judgments of the two Jefferson County trial courts must be reversed because Oregon officials complied with the requirements of the IAD by informing the defendant on July 29, 1982, that a detainer from Colorado had been lodged against him. We disagree.

Article III(c) of the IAD states as follows:

> The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

This provision requires at a minimum the communication of two types of information:

descriptions of the source and contents of any detainer lodged against a defendant, and instructions concerning the defendant's right to request final disposition of the charges upon which the detainer is based. It is undisputed that the Oregon penitentiary authorities did not advise the defendant of his right to request a final disposition of the pending Jefferson County, Colorado, charges underlying the detainer which had been lodged against him. On the basis of the record, it is also questionable whether the officials complied with the requirement of describing the source and contents of the detainer. In any event, the mere statement of fact that a detainer had been lodged is insufficient to satisfy the express requirements of the statute. The People's argument, that because the defendant failed to request a speedy disposition he cannot complain of any failure of advisement, is at best unpersuasive; never having been advised of such right, the defendant could hardly be required to exercise it as a prerequisite to learning of its existence.

■■■ Compliance with the duty to advise required by article III(c) is mandatory, *Romans v. District Court*, 633 P.2d 477 (Colo. 1981); *People v. Lincoln*, 42 Colo.App. 512, 601 P.2d 641 (1979), and in the absence of such compliance a trial court is justified in dismissing the underlying charges with prejudice. *Romans*, 633 P.2d 477; *People v. Jacobs*, 198 Colo. 75, 596 P.2d 1187 (1979). The trial courts in Jefferson County correctly applied appropriate legal standards to the evidence presented to them. Their judgments are affirmed.

In Case No. 83SA168, the defendant contended, and the trial court so ruled, that the 120-day period established by article IV(c) of the IAD within which proceedings must be commenced against a person returned to a jurisdiction on the basis of a detainer applies to him.[7] The People assert that the Arapahoe County proceedings

---

7. Article IV(c) provides in full as follows:

In respect of any proceeding made possible by this article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

were instituted on the basis of a writ of habeas corpus *ad prosequendum* properly issued by the Arapahoe County District Court, and that article IV(c) of the IAD is inapplicable in this circumstance. We agree with the People's position.

It is true, as the Arapahoe County District Court concluded, that the defendant's presence in Colorado was achieved by means of provisions of the IAD. However, the proceedings relating to his return to Colorado were concerned solely with charges pending in Jefferson County.

 Article IV of the IAD establishes a procedure for officials of a receiving state to secure the temporary custody of a prisoner incarcerated in another state for the purpose of trying the prisoner on charges pending in the receiving state. *Hughes v. District Court,* 197 Colo. 396, 593 P.2d 702 (1979); *see United States v. Mauro,* 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). We view the language of article IV(c), requiring trial within 120 days "[i]n respect of any proceeding made possible by this article," to relate only to the charges underlying the detainer which made the proceedings possible. Such conclusion is supported by the language of article IV(b), recognizing that separate detainers may be filed against a prisoner by officials of a foreign jurisdiction. Therefore, we conclude that the Arapahoe County charges were not subject to the 120-day requirement of article IV(c) because those charges did not underlie a detainer previously lodged against the defendant.[8]

This construction also accords with one of the purposes of the IAD. The IAD is designed in part to benefit states agreeing to accept its provisions by expediting the difficult process of disposing of criminal charges pending against persons who are no longer in the jurisdiction of the forum. *Hughes,* 197 Colo. 396, 593 P.2d 702; *Brown v. District Court,* 194 Colo. 225, 571 P.2d 1091 (1977). In view of the language of this article and this purpose of the IAD, we construe article IV(c) as referring to proceedings relating to the charges upon which the detainer activating the provisions of the IAD was based. A contrary construction would create further difficulties in resolving untried charges pending against absent defendants.

In this case, the proceedings giving rise to the filing of the detainer against the defendant related to Jefferson County. The Arapahoe County proceedings were made possible by the fact of a lawfully issued warrant for the defendant's arrest in 1981; his appearance before the trial court and response thereto on November 21, 1981; and his return to the Arapahoe County District Court in 1982 as a result of the issuance of a writ of habeas corpus *ad prosequendum* to authorities who had custody of him. Once the defendant was brought before the Arapahoe County District Court, jurisdiction was established over his person. *See Bell v. Bower,* 199 Colo. 195, 606 P.2d 74 (1980); *Brown,* 194 Colo. 225, 571 P.2d 1091. We conclude that the requirement of article IV(c) of the IAD that trial of the charges upon which a detainer is filed must commence within 120

**8.** In his brief on appeal the defendant suggests that the trial court's decision should be affirmed on a quite different basis: that the document filed with Clackamas County jail officials by Arapahoe County authorities in effect ripened into a detainer for purposes of the IAD when the defendant was sentenced; that the defendant was not informed of his rights under the IAD with respect to that detainer; and, therefore, the Arapahoe County charges must be dismissed. *See Romans v. District Court,* 633 P.2d 477 (Colo.1981). At oral argument on appeal, defense counsel argued that the trial court erred in concluding that the document initiated by Arapahoe County officials did not activate the

defendant's rights under the IAD, and suggested that, should we agree with that analysis, the case should be remanded for certain factual determinations. At trial, however, defense counsel argued that the document initiated by Arapahoe County did not affect defendant's rights under the IAD, and informed the trial court that the defendant sought dismissal of his Arapahoe County charges because of defects with regard to the detainer lodged by Jefferson County officials. In this posture, it would be inappropriate for us to consider the factual and legal issues inherent in the suggested analysis now offered by the defendant.

days of a defendant's return to the state in which those charges are pending is inapplicable to the charges pending against the defendant in Arapahoe County.

The judgments of the Jefferson County District Court are affirmed. The judgment of the Arapahoe County District Court is reversed, and Case No. 83SA168 is remanded to that court for further proceedings.