The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Paul LEONARD, Defendant–Appellant.**

**No. 86CA1560.**

Colorado Court of Appeals, Division III.

June 1, 1989.

Rehearing Denied June 29, 1989.

Certiorari Denied Oct. 30, 1989.

See also 755 P.2d 447.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

JONES, Judge.

Defendant, Paul Leonard, appeals the judgment of conviction entered on a jury verdict finding him guilty of possession of contraband in the first degree. He contends the trial court erred in denying his motion to dismiss the charge based upon a violation of his right to a speedy trial under the Uniform Mandatory Disposition of Detainers Act, § 16–14–101 et seq., C.R.S. (1986 Repl.Vol. 8A) (the Act). We affirm.

While incarcerated at the Skyline Correctional Center, defendant was charged by information with possession of contraband. The charge arose out of an incident on March 2, 1986, when he was observed smoking a substance alleged to be marijuana. Following his advisement, but before he was served a detainer, defendant sent a letter to the district court and the Fremont County District Attorney stating his intent to invoke the protections of the Act. Defendant's letters were received on April 8, 1986. However, because of the imprecise manner in which the envelope was addressed, the letter directed to the district court in which the charge was pending was instead delivered to the county court.

Upon receipt, the clerk forwarded defendant's letter to the district court. The district court took no action to schedule defendant's request in accordance with the Act's speedy trial provisions, but instead treated his letter as an attempt to file a new civil action. Defendant was subsequently served a detainer and executed an accompanying form requesting final disposition of the charge pursuant to the provisions of the Act. The district court received the executed form on April 14, 1986.

The trial court was aware only of the second request. Therefore, on April 15 when defendant appeared for trial setting, the trial court gave notice that July 14 was the ninetieth day from April 14 and constituted the speedy trial deadline in accordance with § 16–14–104, C.R.S. (1986 Repl. Vol. 8A). The trial was set for July 9, 1986. Defendant acquiesced in the trial setting and did not bring his letter, dated April 4, to the attention of the trial court.

At a pretrial hearing held July 8, 1986, defendant moved to dismiss the charge, arguing that his scheduled trial date was beyond the speedy trial time period guaranteed by the Act. He maintained that his original letter requesting speedy disposition of the matter before the court was in substantial compliance with the Act and that, hence, he was entitled to be brought to trial by July 7, 1986, that being 90 days after the court's receipt of his initial letter.

The court concluded that the only valid request for speedy disposition was the notice received by the court on April 14, 1986. It further determined that defendant was not entitled to invoke the protections of the Act because he was on parole for a portion of the speedy trial period, and in any event had waived his right to prompt disposition of the matter by acquiescing to the scheduled trial date. Accordingly, defendant's motion was denied and his trial commenced July 9, 1986.

I.

■ Defendant contends that the trial court erred in its determination that defendant was not entitled to invoke speedy trial

protèctions of the Act because he was on parole during a portion of the speedy trial period. We agree that the trial court erred, but conclude that defendant's parole status was irrelevant for purposes of determining the applicability of the Act to the pending charge.

In *People v. Mascarenas*, 666 P.2d 101 (Colo.1983) our supreme court determined that a person on parole is to be deemed "in custody" for purposes of the Act. The trial court's reliance on *People v. Ybarra*, 652 P.2d 182 (Colo.App.1982), in reaching a contrary conclusion, is' misplaced. In *Ybarra*, the defendant was incarcerated pending a probation revocation hearing. The incarceration was not the result of an initial conviction and sentence, and hence, that case is distinguishable from the situation here.

## II.

 While we agree with defendant that his initial letter was in substantial compliance with the Act, nonetheless, we conclude that, under principles established in *People v. Newton*, 764 P.2d 1182 (Colo. 1988), he waived his right to speedy trial under the Act.

While *Newton* involved application of a defendant's speedy trial rights under the Interstate Agreement on Detainers, § 24–60–501, C.R.S. (1988 Repl.Vol. 10B), the court, quoting from *People v. Swazo*, 199 Colo. 486, 610 P.2d 1072 (1980), noted that other statutes, including the Act at issue here, " 'reflect the same policy of assuring speedy trials' and, therefore, 'the enunciated principles for one can be applied to the others....' "

The *Newton* court held that, as to crimes committed after July 1, 1985, § 18–1–405(5.1), C.R.S. (1986 Repl.Vol 8B), which extends the speedy trial period to the actual trial date in the absence of an express objection by the defendant to the offered trial date, is applicable to the Interstate Agreement on Detainers. Necessarily, then, § 18–1–405(5.1) is also applicable to the Act.

Thus, even though defendant substantially complied with the notice provisions of the Act, by his failure initially to bring his April 4, 1986, letter to the attention of the district court, and by his failure to state an express objection to the setting of his trial outside the 90–day period mandated by the Act at the time of trial setting, he waived his right to speedy trial under § 18–1–405(5.1). Accordingly, the trial court did not err in denying his motion to dismiss.

The judgment is affirmed.

TURSI and CRISWELL, JJ., concur.