The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Paul L. MARTINEZ,
Defendant-Appellant.

No. 83CA0940.

Colorado Court of Appeals,
Div. I.

Aug. 1, 1985.

Rehearing Denied Sept. 12, 1985.

Certiorari Denied Jan. 31, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Paul Martinez, appeals his conviction of escape, contending that his 90-day speedy trial right under the Uniform Mandatory Disposition of Detainers Act (UMDDA), § 16–14–101, et seq., C.R.S. (1978 Repl.Vol. 8), was violated. We affirm.

The defendant first invoked his right to speedy disposition under the UMDDA at an advisement hearing on February 17, 1982. The trial court acknowledged this request and, accordingly, set a trial date of May 3, 1982. Before trial, on April 28, 1982, the defendant changed his plea from not guilty to not guilty by reason of insanity. At that time, the defendant was fully apprised that any time required for examination or trial because of the insanity defense would be completely attributable to him, no matter how long or how uncertain that time was, and that the 90-day period would be tolled during the entire time required to resolve the issue of insanity. The defendant and his counsel indicated they understood and agreed with this analysis.

On December 16, 1982, a final insanity report was filed with the court, and discussion of trial dates ensued. A pre-trial hearing was set for January 19, 1983, at which, for the first time, the defendant withdrew his insanity plea. The court determined that the speedy trial calculation began to run again and, therefore, set trial to begin on February 3, 1983. After a mistrial on February 3, 1983, the case finally proceeded to trial February 9, 1983, resulting in the defendant being convicted.

On appeal, the defendant contends that because of the delays in bringing the case to trial, his rights under the UMDDA were violated. He asserts it is the duty of the prosecutor, and not the defendant, to direct the trial court to the applicable case law, and to ensure that the trial is speedy, and argues that, therefore, he did not waive his right to contest any of the calculations concerning the speedy trial period. We agree with the defendant that it is not his duty to ensure compliance with speedy trial requirements. *See People v. Bell,* 669 P.2d 1381 (Colo.1983); *Marquez v. District Court,* 200 Colo. 55, 613 P.2d 1302 (1980). However, a defendant may waive his right to final disposition within the 90-day statutory period by express waiver, or affirmative conduct evidencing such a waiver, such as active participation in trial setting delays, together with agreement to the appropriate dates. *See People v. Mascarenas,* 666 P.2d 101 (Colo.1983); *People v. Fetty,* 650 P.2d 541 (Colo.1982); *Chambers v. District Court,* 180 Colo. 241, 504 P.2d 340 (1972).

Here, the record reveals that the defendant consented to all delays, fully understood and agreed that the entire delay caused by resolution of the insanity plea was excludible, did not challenge the trial court's analysis that as of January 19, 1983, 20 days remained in the speedy trial period, and agreed to a trial date of February 3, 1983. We agree with the prosecution that by these actions, the defendant waived any challenge he might have had to the delay covering the period from December 16, 1982, through February 3, 1983. *People v. Fetty, supra; People v. Mascarenas, supra.* The period between February 3, and February 9, 1983, was excludible because of the mistrial. *See People v. Erickson,* 194 Colo. 557, 574 P.2d 504 (1978); *People v. Peltz,* 697 P.2d 766 (Colo.App. 1984); Crim.P. 48(b)(6)(V).

The defendant also argues that, because he offered to stipulate he was imprisoned for a class one felony at the time of the escape, the trial court erred in allowing the prosecution to present evidence

that his incarceration was for first degree murder. We do not agree. The People must prove the specific felony offense upon which confinement is premised, *Massey v. People*, 649 P.2d 1070 (Colo.1982), and need not accept a stipulation. *See People v. Martin*, 707 P.2d 1005 (Colo.App.1985); *Kostal v. People*, 160 Colo. 64, 414 P.2d 123 (1966), *cert. denied*, 385 U.S. 939, 87 S.Ct. 305, 17 L.Ed.2d 218 (1966). Therefore, we perceive no error.

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.