The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Randy James CARR, Defendant–Appellee.

No. 07CA1799.

Colorado Court of Appeals,
Div. V.

Oct. 30, 2008.

As Modified on Denial of Rehearing
Feb. 19, 2009.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

Bonnie Roesink, District Attorney, Brett Barkey, Chief Deputy District Attorney, Matthew D. Barrett, Deputy District Attorney, Jeremy J. Snow, Deputy District Attorney, Craig, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge RULAND.*

Pursuant to the authorization contained in section 16–12–102(1), C.R.S.2008, the People appeal the trial court's order dismissing charges filed against defendant, Randy Carr. We affirm.

Defendant was charged with distribution of marijuana and three habitual criminal counts.

On February 12, 2007, while defendant was in the legal and physical custody of the Department of Corrections (DOC) for a sentence in another case, he filed a pro se "Request for Disposition of Detainer and Certificate of Inmate Status" asking that his trial commence within 180 days pursuant to the Uniform Mandatory Disposition of Detainers Act (the UMDDA). See §§ 16–14–101 to –108, C.R.S.2008.

On May 21, 2007, defendant appeared with counsel, entered a plea of not guilty, and requested a bond reduction so that he could begin the parole component of his sentence in the other case. In addition, defendant asked the court to set the matter for trial. The trial court reduced defendant's bond and suggested a trial date of August 28, 2007. Although this date was approximately two weeks beyond the expiration of the 180–day

UMDDA period, both parties agreed to the proposal without mentioning defendant's request under the UMDDA.

Defendant posted bond on May 23, 2007. On June 23, 2007, he was paroled.

On August 14, 2007, defendant filed a motion to dismiss the charges based on the following section of the UMDDA:

(1) Within one hundred eighty days after the receipt of the request by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant, the prisoner or the prisoner's counsel being present, the indictment, information, or criminal complaint shall be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the prisoner's attorney and opportunity to be heard. If, after such a request, the indictment, information, or criminal complaint is not brought to trial within that period, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice.

(2) Any prisoner who requests disposition pursuant to section 16–14–102 may waive the right to disposition within the time specified in subsection (1) of this section by express waiver on the record after full advisement by the court. If a prisoner makes said waiver, the time for trial of the indictment, information, or criminal complaint shall be extended as provided in section 18–1–405(4), C.R.S., concerning waiver of the right to speedy trial.

§ 16–14–104(1), (2), C.R.S.2008; see also ch. 340, sec. 1, § 16–14–104(1), 2004 Colo. Sess. Laws 1377 (increasing the speedy trial period from 90 days, effective July 1, 2004).

On August 21, 2007, the trial court granted the motion for dismissal, reasoning that, because defendant had not expressly waived his UMDDA rights "on the record after full advisement by the court," his acquiescence in

§ 24–51–1105, C.R.S.2008.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

the trial date proposed by the court did not constitute a waiver pursuant to section 16–14–104(2).

The People then filed this appeal.

## I.

The People first argue that, because the purpose of the UMDDA is to prevent disruptions to an inmate's rehabilitative progress, the UMDDA ceased to apply once defendant was paroled and released from the physical custody of the DOC. We conclude that this contention was discussed in the trial court, but we further conclude that this argument lacks merit for the reasons stated in *People v. Mascarenas*, 666 P.2d 101, 106 (Colo. 1983)(a person placed on parole remains in the legal custody of the DOC for purposes of the UMDDA), and *People v. Campbell*, 742 P.2d 302, 309 (Colo. 1987)("[W]e decline to read *Mascarenas* to confine the circumstances in which a parolee will be regarded as being in the custody of the department of corrections for the purposes of the [UMDDA] to those circumstances in which parole has been revoked. To the extent that *People v. Ybarra*, 652 P.2d 182 (Colo.App. 1982), holds to the contrary, it has no vitality after *Mascarenas*."). Together, *Mascarenas* and *Campbell* make clear that the issue of *physical* custody is irrelevant when determining the applicability of UMDDA. Further, the People's reliance on *People v. Slusher*, 43 P.3d 647, 650 (Colo.App. 2001), is misplaced. In that case the division's determination that the UMDDA applied was based on the fact that the defendant was in *legal* custody of the DOC and not because he was in the physical custody of a county jail.

## II.

The People next argue that defendant waived his rights under the UMDDA by accepting a trial date outside the 180–day speedy trial period. We disagree.

■ As an initial matter, we must resolve the parties' dispute concerning the applicable standard of review. Defendant argues that a trial court's decision to dismiss charges based on a violation of the UMDDA is subject to review under an abuse of discretion standard.

There is some support for this view in *People v. Mascarenas*, 666 P.2d 101, 106 (Colo.1983) ("Where a prisoner has substantially complied with the [UMDDA] *and* the prosecution has actual notice of the prisoner's request, it is not an abuse of discretion for the trial court to dismiss pending charges under the [UMDDA]." (emphasis in original)). However, the references in *Mascarenas* to a trial court's discretionary authority were made as part of an inquiry into whether the defendant had substantially complied with the UMDDA's notification requirements. By contrast, here the trial court applied a provision of the UMDDA to undisputed facts and concluded that dismissal was mandatory under the plain language of the statute. Accordingly, because the trial court's ruling was based on a question of law, we agree with the People that our review is de novo. *See Mayo v. People*, 181 P.3d 1207, 1210 (Colo.App.2008) ("The question of statutory interpretation is a question of law subject to de novo review."); *see also In re State (State v. Wilson)*, 632 N.W.2d 225, 229 (Minn.2001) (a trial court's interpretation of the UMDDA is subject to de novo review).

■ Our task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine that intent, we look first to the plain and ordinary meaning of the statutory language. *See People v. Dist. Court*, 713 P.2d 918, 921 (Colo. 1986).

■ When the language is clear and unambiguous, the statute must be construed as written, without resort to interpretive rules of statutory construction. *People v. Zapotocky*, 869 P.2d 1234, 1238 (Colo.1994).

■ Here, as set forth above, the plain language of section 16–14–104(2) specifies that, in order to be valid, a defendant's waiver of his or her rights under the UMDDA must be (1) express; (2) on the record; and (3) preceded by a full advisement by the court. Significantly, this provision was· added to section 16–14–104 in 1995. *See* ch. 129, § 1, § 16–14–104(2), 1995 Colo. Sess. Laws 464. Accordingly, we decline to follow those cases holding, under the *unamended* version of section 16–14–104, that "a defendant may

waive his right to final disposition within the [UMDDA's] statutory period by ... affirmative conduct evidencing ... a waiver, such as active participation in trial setting delays, together with agreement to the appropriate dates." *People v. Martinez,* 712 P.2d 1070, 1071 (Colo.App.1985); *see, e.g., Mascarenas,* 666 P.2d at 106 (holding, as an alternative basis for affirming the trial court's denial of defendant's motion for dismissal, that "the defendant effectively waived his rights to final disposition within the [UMDDA's] statutory limitation period by his active participation in the trial setting delays and [by] his agreement to the appropriate dates"); *People v. Martin,* 707 P.2d 1005, 1007 (Colo.App. 1985) (defendant's agreement to trial date beyond UMDDA's limitation period constituted a waiver of rights under the UMDDA), *aff'd,* 738 P.2d 789 (Colo.1987).

We acknowledge that in *People v. Garcia,* 17 P.3d 820, 823 (Colo.App.2000)—a case decided under the amended version of section 16–14–104—a division of this court cited *Martinez,* 712 P.2d 1070, as authority for the proposition that "[a] defendant may waive his or her right to a speedy trial under the UMDDA expressly or by affirmative conduct, such as by participating in setting the trial date outside of the speedy trial provisions." However, a review of the chronology of events in *Garcia* reveals that the division there upheld the denial of the defendant's motion to dismiss on grounds other than the implied waiver rationale of *Martinez. See Garcia,* 17 P.3d at 824–26. Therefore, the People's reliance on *Garcia* is misplaced.

Subsequent decisions referring to the implied waiver language of *Garcia* are distinguishable. *See People v. Reyes,* 179 P.3d 170 (Colo.App.2007) (citing *Garcia* but in the context of addressing alleged violations of the Interstate Agreement on Detainers Act), *aff'd,* 195 P.3d 662 (Colo. 2008); *People v. Sa'ra,* 117 P.3d 51, 59 (Colo.App.2004) (quoting the implied waiver language of *Garcia,* but concluding that the defendant explicitly waived his UMDDA speedy trial right on the record); *People v. Shreck,* 107 P.3d 1048, 1056 (Colo.App.2004) (quoting the implied waiver language of *Garcia;* but concluding that defendant waived his UMDDA speedy

trial right because his motion for a trial continuance included a handwritten statement indicating that he was waiving his speedy trial right).

Here, defendant's May 21, 2007, acquiescence in the August 28, 2007, trial date proposed by the court did not meet the express waiver requirements of section 16–11–204(2). Specifically, as the trial court noted, it did not advise defendant that his assent to the trial date would constitute a waiver of his speedy trial right under the UMDDA, and defendant did not expressly waive his speedy trial right on the record. Further, the UMDDA advisement form attached to defendant's pro se request for speedy disposition did not advise him that agreement to a trial date set beyond the 180–day limitations period would constitute an implied waiver of his rights under the UMDDA. Therefore, contrary to the People's contention, we cannot rely on this advisement form as a basis for finding full compliance with the express waiver requirements of section 16–11–204(2).

As pertinent here, section 18–1–405(5.1), C.R.S. 2008, of the statute addressing speedy trial provides that, if a trial date is offered to a defendant and neither the defendant nor his counsel objects because the date is outside the statutory time limit, then the statutory time limit is extended to the new trial date. To the extent defendant contends that this section should be incorporated into the UMDDA, pursuant to the analysis in *People v. Newton,* 764 P.2d 1182 (Colo. 1988), we disagree. *Newton* excepts from its holding a situation where, as here, there is a direct conflict between the UMDDA and the speedy trial statutes. In that event, the UMDDA controls.

In summary, we agree with the trial court's determination that, because defendant's UMDDA speedy trial right was violated, it was without jurisdiction to proceed to trial.

The order is affirmed.

In a Petition for Rehearing, the People argue for the first time that section 16–14–104(2) creates only a permissive method by which a waiver may occur. However, this contention was never asserted in the trial

court and thus should not be addressed at this stage of the proceeding. *See People v. Salazar*, 964 P.2d 502, 507 (Colo. 1988)("It is axiomatic that issues not raised in or decided by [the trial] court will not be addressed for the first time on appeal."); *see also People v. Shreck*, 107 P.3d at 1056; *People v. Benavidez*, 58 P.3d 1142, 1144 (Colo.App. 2002).

Chief Judge DAVIDSON and Judge MÁRQUEZ * concur.