2012 COA 60

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Shawn Robert ADOLF, Defendant–Appellant.**

**No. 10CA1286.**

Colorado Court of Appeals, Div. V.

April 12, 2012.

Rehearing Denied May 24, 2012.

John W. Suthers, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Suzan Trinh Almony, Suzan Trinh Almony, Broomfield, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

¶ 1 Defendant, Shawn Robert Adolf, appeals the judgment of conviction entered after the district court denied his request to dismiss the charges against him under the Uniform Mandatory Disposition of Detainers Act, sections 16–14–101 to –108, C.R.S.2011 (UMDDA). We affirm.

## I. Background

¶ 2 On May 29, 2008, defendant was charged with (1) possession of a controlled substance with intent to distribute, (2) criminal possession of four or more financial devices, and (3) possession of drug paraphernalia.

¶ 3 While awaiting his preliminary hearing, defendant mailed directly to the district court a preprinted form entitled "Motion for Final Disposition" requesting speedy disposition of the charges against him pursuant to the UMDDA.

¶ 4 The motion also contained the following statement:

> Pursuant to § 16–14–103, C.R.S., the defendant has delivered his request for final disposition to the superintendent where he is confined. Such delivery was made on *11/14/2008* by delivering the notice to the defendant's facility superintendent. A copy of the notice has been included with this motion for examination by the court.

However, no notice to the superintendent was attached to the motion.

¶ 5 At his preliminary hearing on July 13, 2009, defendant informed his counsel of the mailed request. Counsel then informed the court of the request, stating:

> [Defendant] informed me today that he filed a request for speedy disposition detainer that is contained in the court file. The prosecution indicates they never received a copy of that. The Court received it on November 20th, it looks like from the court file. We are outside the 180 days from that time. I need to research the law on that and see whether the prosecution's failure to receive it eliminates their burden of bringing him to trial under 180 days or not. I did want to bring that to the Court's attention.

¶ 6 After the hearing defendant did not file any additional motions with the court and the issue was not raised again.

¶ 7 On November 16, 2009, defendant pleaded guilty to an added count of possession of a controlled substance in exchange for dismissal of the remaining charges. He was sentenced to five years in the Department of Corrections.

## II. The UMDDA

¶ 8 On appeal, defendant contends the district court erroneously failed to dismiss the charges against him for failure to bring him to trial within 180 days of his request for final disposition. We disagree.

### A. Standard of Review

¶ 9 We review de novo a trial court's denial of a motion to dismiss for violation of speedy trial rights. *People v. Carr*, 205 P.3d 471, 473 (Colo.App.2008). Even where a defendant pleads guilty, we review a denial of a motion to dismiss for violation of speedy trial rights because the UMDDA is jurisdictional. *People v. Gess*, 250 P.3d 734, 736 (Colo.App.2010). Statutory interpretation of the UMDDA presents a question of law that we review de novo. *Leyva v. People*, 184 P.3d 48, 50 (Colo.2008).

### B. Notification to the Court and the Prosecuting Official

¶ 10 "The UMDDA, which governs intrastate detainers, is one of several statutes implementing a defendant's constitutional speedy trial rights. Its primary purpose is to provide a mechanism for prisoners to obtain speedy and final disposition of untried charges that are the subject of detainers."

*People v. Slusher,* 43 P.3d 647, 649 (Colo. App.2001).

¶ 11 The UMDDA states in pertinent part:

Any person who is in the custody of the department of corrections ... may request final disposition of any untried indictment, information, or criminal complaint pending against him in this state. The request shall be in writing addressed to the court in which the indictment, information or criminal complaint is pending *and* to the prosecuting official charged with the duty of prosecuting it and shall set forth the place of confinement.

§ 16–14–102(1), C.R.S.2011 (emphasis added).

¶ 12 "A request by a prisoner for disposition of an untried criminal charge under section 16–14–102(1) triggers the obligation of the superintendent of the institution in which the prisoner is confined to transmit specified information to the court having jurisdiction of the untried offense and to the prosecuting official." *People v. Higinbotham,* 712 P.2d 993, 996 (Colo.1986); *see People v. Trancoso,* 776 P.2d 374, 377–78 (Colo. 1989). However, the duty to inform the prosecuting official is placed on the person invoking the terms of the UMDDA. *People v. Mascarenas,* 666 P.2d 101, 106 (Colo.1983).

¶ 13 It is improper for a defendant to mail a request directly to the court. *Gess,* 250 P.3d at 737. Nevertheless, "[w]here a prisoner has substantially complied with the provisions of the Act *and* the prosecution has actual notice of the prisoner's request, it is not an abuse of discretion for the trial court to dismiss pending charges under the Act." *Mascarenas,* 666 P.2d at 106 (emphasis in original); *see People v. Campbell,* 742 P.2d 302, 310 (Colo.1987) (substantial compliance with the UMDDA when the court provided the prosecutor with actual notice of defendant's request under the UMDDA mailed directly to the court).

¶ 14 Here, defendant sent a copy of his motion directly to the district court. However, it is undisputed that defendant also failed to address the request to the prosecuting official as required by the statute. § 16–14–102(1). Therefore, there is no evidence in this record that the prosecution received actual notice prior to July 13, 2009, when defense counsel notified the court, and the 180–day period began to run on that day. *See* § 16–14–104(1), C.R.S.2011 ("Within one hundred eighty days after the receipt of the request by the court and the prosecuting official ... the indictment, information, or criminal complaint shall be brought to trial....)".[1] Defendant pleaded guilty November 16, 2009, 127 days after the prosecution received actual notice. Therefore, we conclude the trial court properly denied dismissal of the charges against defendant and had jurisdiction over defendant to accept his guilty plea.

¶ 15 We reject defendant's contention that he is entitled to a limited remand to the district court for a determination of whether the superintendent of the prison failed to forward his request to the prosecution. Defendant provided no copy of the notice he purportedly delivered to the superintendent, and the record is totally devoid of information, outside of defendant's self-serving assertion in the motion sent to the court, which would lead to the conclusion that the superintendent ever received any request. We conclude it is a defendant's burden to prove by a preponderance of the evidence that he provided notice to the superintendent. *Cf. Mascarenas,* 666 P.2d at 106 ("The clerk of the ... [c]ourt is not obligated to forward speedy disposition requests; that duty is placed on the person invoking the terms of the Act."); *People v. Newton,* 966 P.2d 563, 572 (Colo.1998) (a trial court should exclude statements that are so self-serving as to be unreliable). Once a defendant has shown notice was provided to the superintendent, the burden is placed upon the prosecut-

1. Defendant contends a limited remand is necessary for the district court to determine whether the prosecution received notice of his request prior to the July 13, 2009 hearing. However, the undisputed evidence in the record shows that defendant only addressed his motion to the dis-

trict court and defense counsel's own statements at defendant's preliminary hearing show the prosecution did not have notice prior to that day. Because defendant has provided no reason for us to distrust the uncontroverted evidence in the court file, no remand is necessary.

ing official to show the superintendent timely forwarded the defendant's request. *Martin v. People*, 738 P.2d 789, 792 (Colo.1987) ("The state bears the burden of establishing that the prisoner's request for final disposition was sent 'forthwith' to the trial court and prosecutor."). Here, defendant failed to satisfy that burden of proof.

¶ 16 Even if we were to assume that defendant's notice is some proof that he addressed it to the superintendent, in our view, it does not overcome the record evidence that the prosecutor did not have actual knowledge of the notice. In the absence of a copy of the mailing purportedly sent to the superintendent, we are not required to assume that this was sent and then to further assume that the superintendent sent the notice to the prosecutor.[2] Thus, we conclude that no remand is necessary.

¶ 17 The judgment is affirmed.

Judge CARPARELLI and Judge BOORAS concur.

**2.** Section 16–14–103(1)(b), C.R.S.2011, requires the superintendent to forward such a notice by registered mail to the court and the prosecutor. Also absent from defendant's statements is any contention that he was advised by the superintendent pursuant to section 16–14–103(1)(a), C.R.S.2011, that his commitment had been certified and the earned time he was entitled to had been calculated-information the superintendent was required to give defendant once defendant's notice was received.