The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 1, 2019

## 2019COA117

**No. 17CA0959, *People v. Yakas* — Criminal Law — Uniform Mandatory Disposition of Detainers Act — Waiver**

A division of the court of appeals, interpreting section 16-14-104(2), C.R.S. 2018, of the Uniform Mandatory Disposition of Detainers Act (UMDDA), holds, as a matter of first impression, that UMDDA rights are not personal and may be waived by counsel. The division further holds that the statutory advisement may be waived by counsel. While the division disagrees with the trial court that the UMDDA issue is moot, it affirms the court's decision on alternate grounds.

COLORADO COURT OF APPEALS         **2019COA117**

Court of Appeals No. 17CA0959
Arapahoe County District Court No. 15CR3031
Honorable Natalie T. Chase, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joshua Theodore Yakas,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE FREYRE
Fox and Welling, JJ., concur

Announced August 1, 2019

Philip J. Weiser, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Tara N. Jorfald, Alternate Defense Counsel, Lakewood, Colorado, for Defendant-Appellant

¶ 1    In this statutory interpretation case, we are asked to decide whether the right to a speedy disposition guaranteed by the Uniform Mandatory Disposition of Detainers Act (UMDDA), §§ 16-14-101 to -108, C.R.S. 2018, can be waived by counsel or whether a defendant must personally waive this right.  We hold that this statutory right may be waived by counsel and that counsel may also waive the required statutory advisement of rights.  We further hold that when the defendant is present for counsel's waiver and does not voice an objection to it, he cannot later complain that his UMDDA rights were violated.

¶ 2    Defendant, Joshua Theodore Yakas, appeals the trial court's order denying his motion to dismiss his criminal case for violation of the UMDDA.  We affirm.

## I.    Background

¶ 3    In October 2015, the police arrested Mr. Yakas for violating parole in an unrelated case.  While incarcerated, the state charged him, on November 3, 2015, with three counts of enticement of a child, three counts of attempted inducement of child prostitution, three counts of attempted sexual assault on a child, three counts of indecent exposure – (third or subsequent offense), and habitual

criminality.  Mr. Yakas appeared with court-appointed counsel at his first appearance on November 9, 2015.  After waiving his right to a speedy preliminary hearing twice, Mr. Yakas proceeded to a preliminary hearing on January 13, 2016.  The court found probable cause and bound the case over for arraignment on February 19, 2016.  On February 19, the parties agreed to continue arraignment to April 29, 2016.

¶ 4    On February 29, 2016, Mr. Yakas filed a pro se "Petition for Speedy Disposition Under [the UMDDA]."  As relevant here, paragraph four of the pro se petition states:

> 4. The defendant, does not waive any rights of limits set forth under or in this act.  If, at any time, the defendant chooses to waive any of these, it shall be himself, not through council [sic], by explicitly stating, in writing for the court or in open court, that he, knowingly, intentionally, and voluntarily waives his right under this act.

¶ 5    Upon receiving the petition, the court rescheduled arraignment for March 25, 2016.  As well, on March 17, 2016, counsel for Mr. Yakas sent the following email to the court and the district attorney:

> I just wanted to let everyone know that Mr.
> Yakas is going to be withdrawing the detainer

2

> and we will be asking that the April 29 arraignment date remain. We're fine with Mr. Yakas being brought in on 3/25 to do that on the record. Additionally, Mr. Yakas has been held at the Arapahoe County Jail, so unless he is going to be moved, we do not need a writ prepared.

¶ 6 When Mr. Yakas refused to appear on March 25, defense counsel explained that Mr. Yakas was "confused about the court date" and asked that the matter be reset for March 31, 2016, "because he's going to withdraw that detainer [sic]."

¶ 7 Mr. Yakas appeared with counsel on March 31. The trial court asked whether "[defendant] was going to withdraw th[e] request [for speedy disposition] and . . . wanted to keep the arraignment date that we currently had set of April 29th." Counsel responded, "That is correct." The court then asked, "Do you wish any further advisement on the record with respect to Mr. Yakas's withdrawal of request for speedy detainer?" Both defense counsel and the district attorney responded, "No." Mr. Yakas remained silent. The trial court then found that the request for speedy disposition had been withdrawn and continued the matter to the April arraignment date.

¶ 8 After several continued arraignments, made at the defense's request, Mr. Yakas entered a not guilty plea on August 1, 2016.

But the parties eventually reached a disposition, and on December 15, 2016, Mr. Yakas pleaded guilty to several counts in exchange for the dismissal of the remaining counts and a stipulated sentence of twenty years in the custody of the Department of Corrections (DOC). The court accepted Mr. Yakas's guilty pleas and sentenced him accordingly.

¶ 9 Around the time he pleaded guilty, Mr. Yakas filed a pro se motion to dismiss his case for violation of the UMDDA. The motion asserted, in part, that counsel's withdrawal of the UMDDA petition on March 31 was "against his request" and constituted an invalid waiver of his rights, thereby depriving the court of jurisdiction to accept his guilty pleas. Mr. Yakas did not mention this pro se motion at the providency hearing, and nothing in the record shows that the court or counsel knew of its existence when Mr. Yakas pleaded guilty.

¶ 10 Following the providency hearing on December 15, the trial court issued an order requesting clarification concerning whether the motion to dismiss should be ruled on in light of the guilty pleas. After receiving no response, the trial court denied the motion to dismiss as moot, on December 21, 2016.

## II.  Counsel's Withdrawal of the UMDDA Petition Constituted a Valid Waiver

### A.  Standard of Review and Law

¶ 11    The UMDDA, which governs the disposition of intrastate detainers, *People v. Slusher*, 43 P.3d 647, 649 (Colo. App. 2001), provides that "[a]ny person who is in the custody of the [DOC] . . . may request final disposition of any untried indictment, information, or criminal complaint pending against him in this state," § 16-14-102(1), C.R.S. 2018.  A parolee in county jail on a parole violation is in DOC custody for purposes of the UMDDA.  *See People v. Gess*, 250 P.3d 734, 736 (Colo. App. 2010); *Slusher*, 43 P.3d at 648-50.  The UMDDA's purpose is to provide a mechanism for prisoners to timely resolve untried charges that are the subject of a detainer so that they may proceed with or complete rehabilitative programs.  *People v. Higinbotham*, 712 P.2d 993, 997 (Colo. 1986).

¶ 12    Once a prisoner requests final disposition, the untried indictment, information, or criminal complaint must be brought to trial "[w]ithin one hundred eighty-two days after the receipt of the request by the court and the prosecuting official . . . ." § 16-14-

5

104(1), C.R.S. 2018. If the matter is not brought to trial within 182 days, "no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect, and the court shall dismiss it with prejudice." *Id.*

¶ 13    A defendant may waive the right to final disposition of an untried matter within the 182-day period if the waiver is express, on the record, and made after full advisement by the court. § 16-14-104(2).

¶ 14    Statutory interpretation of the UMDDA is a question of law that we review de novo. *People v. Adolf*, 2012 COA 60, ¶ 9. Whether a defendant has waived a right is also a question of law that we review de novo. *Stackhouse v. People*, 2015 CO 48, ¶ 4.

¶ 15    Finally, where the facts are undisputed, a trial court's denial of a motion to dismiss for violation of the UMDDA is reviewed de novo. *People v. Glasser*, 293 P.3d 68, 76 (Colo. App. 2011). When the facts are disputed, we review the court's decision for an abuse of discretion. *Id.*

## B.    Analysis

¶ 16    Mr. Yakas challenges the court's denial of his motion to dismiss on two grounds.  First, he contends that the superintendent of the institution where he was confined failed to comply with the UMDDA's statutory requirements and that this failure required the dismissal of the charges against him.  Second, he contends that his purported waiver was invalid and, therefore, the court lacked jurisdiction on December 15, 2016, to accept his guilty pleas.  We address and reject each of his contentions.

### 1.    Superintendent's UMDDA Requirements

¶ 17    Section 16-14-103, C.R.S. 2018, provides that

> (1) Any request made pursuant to section 16-14-102 shall be delivered to the superintendent where the prisoner is confined who shall forthwith:
>
> (a) Certify the term of commitment under which the prisoner is being held, the time already served on the sentence, the time remaining to be served, the earned time earned, the time of parole eligibility of the prisoner, and any decisions of the state board of parole relating to the prisoner; and
>
> (b) Send, by registered mail, a copy of the request made by the prisoner and a copy of the information certified under paragraph (a) of this subsection (1) to both the court having jurisdiction of the untried offense and to the

7

prosecuting official charged with the duty of prosecuting the offense.

¶ 18  Mr. Yakas claims that, upon learning of his UMDDA rights, he immediately filed a petition invoking those rights "with the Court, Prosecuting Official, and Superintendent of Parole." He argues that the superintendent failed to comply with the statutory requirements of section 16-14-103(1) that were triggered upon receipt of this petition and that this violation requires dismissal of the charges against him.[1]

¶ 19  The record does not reflect whether Mr. Yakas sent his UMDDA petition to the correct person or, if so, whether that person complied with his or her statutory duties.

¶ 20  Even assuming, without deciding that Mr. Yakas correctly delivered his petition to the superintendent of the facility where he was confined and that the superintendent did not perform the statutory duties required by the UMDDA, we are not persuaded that dismissal of the charges is an appropriate remedy. *See Martin v.*

---

[1] Mr. Yakas also asserted in his motion to dismiss that the superintendent violated the notice provision in section 16-14-102(2), C.R.S. 2018. However, he does not reassert this claim on appeal, so we do not address it. *Cf. People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

*People*, 738 P.2d 789, 793 (Colo. 1987) ("Dismissal is not required unless the evidence fails to establish that the defendant was not prejudiced, in view of the purposes of the [UMDDA], by the superintendent's failure to send 'forthwith' a copy of the defendant's request for disposition to the trial court."); *Higinbotham*, 712 P.2d at 998-1001; *Slusher*, 43 P.3d at 650-51.

¶ 21     Our supreme court has determined that a prisoner may invoke his or her UMDDA rights through either strict or substantial compliance with the statute.  *See People v. McKimmy*, 2014 CO 76, ¶¶ 20, 23-24.

¶ 22     Strict compliance requires the prisoner to address his or her requests for speedy disposition to the prosecutor and the court, but also to send those requests to the superintendent of the facility where the prisoner is confined.  *Id.* at ¶ 23; *see also* §§ 16-14-102(1), 16-14-103(1).  The superintendent must then comply with the requirements of section 16-14-103(1).  *McKimmy*, ¶ 23.

¶ 23     Substantial compliance occurs when, notwithstanding the superintendent's involvement, a prisoner substantially complies with the UMDDA's requirements and the prosecution receives actual notice of the request for speedy disposition.  *Id.* at ¶ 24.

¶ 24    Mr. Yakas admits, and the certificate of service reveals, that he sent his petition invoking his UMDDA rights to the court and the prosecutor. Further, the record contains an email from the prosecutor's office acknowledging receipt of Mr. Yakas's petition and asking the court to reschedule the arraignment date to align with the UMDDA's time requirements.

¶ 25    Thus, even assuming that the superintendent failed to comply with section 16-14-103(1), we discern no prejudice from the violation since Mr. Yakas invoked his UMDDA rights by substantially complying with the statute. *See Martin*, 738 P.2d at 793; *Higinbotham*, 712 P.2d at 998-1001; *Slusher*, 43 P.3d at 650-51.

2.    Counsel's Waiver of UMDDA Rights Was Valid

¶ 26    We begin by agreeing with Mr. Yakas that the court erred in finding his motion to dismiss was moot based on his guilty plea. The failure to bring a case to trial within the UMDDA's required 182-day timeframe automatically divests a trial court of jurisdiction over the matter, *see* § 16-14-104(1); therefore, such an issue is not mooted by the entry of a guilty plea, *see Gess*, 250 P.3d at 736. Nevertheless, we may affirm the judgment on any ground supported

10

by the record. *See People v. Garcia*, 2012 COA 79, ¶ 62. So, we address his contention that counsel's withdrawal of his UMDDA petition on March 31, 2016, was not a valid waiver of his rights.

¶ 27    We requested supplemental briefing related to this issue.[2] The parties agree that waiver and withdrawal are synonymous, and that counsel's actions at the March 31 hearing should be treated as an express or attempted waiver of Mr. Yakas's UMDDA rights. Because the March 31 hearing transcript shows that counsel expressly waived Mr. Yakas's UMDDA rights on the record, we must decide (1) whether UMDDA rights can be waived by counsel or must be personally waived by the defendant; and (2) whether counsel can waive section 16-14-104(2)'s advisement requirement.

¶ 28    We first conclude that a defendant's UMDDA rights can be waived either by the defendant or by counsel. *See People v. Bryant*, 2013 COA 28, ¶ 12 (recognizing that either the defendant or counsel may waive UMDDA rights); *see also People v. Newton*, 764

---

[2] We asked three questions: (1) whether there is a difference between withdrawing a UMDDA petition and waiving UMDDA rights; (2) if there is a difference, whether counsel withdrew the petition or waived Mr. Yakas's rights on March 31; and (3) what effect, if any, Mr. Yakas's presence and silence had on counsel's withdrawal or waiver.

P.2d 1182, 1187-88 (Colo. 1988) (recognizing, under the Interstate Agreement on Detainers Act (IAD), that either the defendant or his attorney may waive a defendant's right to speedy trial); *Sweaney v. Dist. Court*, 713 P.2d 914, 918 (Colo. 1986) (noting that the policies underlying the UMDDA and the IAD are the same). Therefore, we reject Mr. Yakas's assertion that UMDDA rights can only be waived by a defendant personally.

¶ 29 A criminal defendant is guaranteed certain constitutional rights that "are so inherently personal and basic that fundamental fairness of a criminal trial is called into question if they are surrendered by anyone other than the accused." *People v. Curtis*, 681 P.2d 504, 511 (Colo. 1984); *see also New York v. Hill*, 528 U.S. 110, 114 (2000) ("For certain fundamental rights, the defendant must personally make an informed waiver."); *United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake."). "For other rights, however, waiver may be effected by action of counsel." *Hill*, 528 U.S. at 114.

12

¶ 30 While the intent of the UMDDA is to render the constitutional guarantee of a speedy trial more effective, the rights afforded under the UMDDA are not fundamental constitutional rights requiring personal waiver by a defendant. *See People v. Anderson*, 649 P.2d 720, 722-23 (Colo. App. 1982) (An extension of the UMDDA's deadline did not require the defendant's personal consent because "[t]his case does not involve the question of whether defense counsel may waive his client's constitutional right to a speedy trial without his client's consent."); *State v. Hinojosa*, 798 N.W.2d 634, 637 (N.D. 2011) ("The [UMDDA] creates 'a conditional procedural statutory right' and 'is not the equivalent of a fundamental constitutional right requiring the personal waiver or consent of the defendant to be effective.'" (quoting *State v. Carlson*, 258 N.W.2d 253, 258 (N.D. 1977))).

¶ 31 Instead, "waiver of rights under the [UMDDA] is to be governed by the words of the statute." *Anderson*, 649 P.2d at 723. Section 16-14-104(2) contains no language requiring a defendant to personally waive his or her rights. And we may not add such language. *See Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007).

13

¶ 32     Furthermore, because "[t]he UMDDA's counterpart governing interstate detainers, the Interstate Agreement on Detainers [IAD], embodies similar policies to those in the UMDDA," "the principles applicable to the IAD may be applied to the UMDDA." *Slusher*, 43 P.3d at 649. As relevant here, courts have held that counsel can waive a defendant's rights under the IAD. *See Hill*, 528 U.S. at 114-15; *Newton*, 764 P.2d at 1187-88.

¶ 33     Therefore, we conclude that a defendant's UMDDA rights are not among the fundamental rights that require personal waiver by the defendant and that counsel here possessed the authority to waive Mr. Yakas's UMDDA rights at the March 31 hearing. *See Hill*, 528 U.S. at 114; *People v. Baird*, 66 P.3d 183, 190 (Colo. App. 2002) ("A statutory right may be waived by counsel's statements.").

¶ 34     Having concluded that counsel may waive a defendant's UMDDA rights, we must next decide whether counsel can also waive the advisement requirement of section 16-14-104(2). Consistent with our supreme court's holding in *Finney v. People*, 2014 CO 38, ¶¶ 15-17, we conclude that counsel's waiver of the required advisement, in Mr. Yakas's presence, was permissible and

14

effected a valid waiver of his UMDDA rights. *See also Hill*, 528 U.S. at 114; *Baird*, 66 P.3d at 190.

¶ 35    A defendant who invokes his rights to a speedy disposition of untried charges is entitled to the procedural safeguards conferred by the statute. *Cf. Finney*, ¶ 15. As relevant here, section 16-14-104(2) provides as follows:

> (2)    Any prisoner who requests disposition pursuant to section 16-14-102 may waive the right to disposition within the time specified [182 days] in subsection (1) of this section *by express waiver on the record after full advisement by the court. . . .*

(Emphasis added.) And as recognized by a division of this court in *People v. Carr*, 205 P.3d 471, 473-74 (Colo. App. 2008), these safeguards preclude an implied waiver of UMDDA rights — any waiver must be express and on the record. Nevertheless, counsel may waive a defendant's statutory rights and such a waiver must only be voluntary, not knowing or intelligent. *Finney*, ¶ 16 (listing cases finding counsel's conduct waived a defendant's statutory rights).

¶ 36    In *Finney*, the defendant's challenge to the revocation of his deferred judgment was premised on the court's failure to advise him

15

of the penalties associated with revocation under section 16-11-206, C.R.S. 2018. *Id.* at ¶ 15. Similar to the UMDDA, section 16-11-206(2) contains language stating that "the court shall advise the probationer of the charges against him and the possible penalties therefor." The court held that plea counsel's waiver of the advisement, in Finney's presence, constituted an express and voluntary waiver of this penalty advisement. *Finney,* ¶ 17.

¶ 37    Here, the record reflects that counsel advised the court and the district attorney by email that Mr. Yakas intended to withdraw his UMDDA petition. At the hearing, the court asked whether this remained Mr. Yakas's intent, and counsel responded that it did. At no time did Mr. Yakas express any disagreement with counsel's representation, nor did he voice an objection to the petition's withdrawal. *See People v. Rodriguez,* 209 P.3d 1151, 1160 (Colo. App. 2008) ("[I]t was incumbent upon [the] defendant to press for a definitive ruling before being able to claim on appeal that the court somehow erred."), *aff'd,* 238 P.3d 1283 (Colo. 2010); *People v. Anderson,* 70 P.3d 485, 487 (Colo. App. 2002) (where defense counsel asked the court to take action that was contrary to the defendant's wishes, any objection thereto may be abandoned by the

16

defendant's failure to press for a ruling); *see also People v. DiGuglielmo*, 33 P.3d 1248, 1251 (Colo. App. 2001) (stating that at a providency hearing, the defendant had the affirmative obligation to ask for clarification if he did not understand the plea agreement).

¶ 38     We are not persuaded that paragraph 4 of the petition, precluding a waiver by counsel, requires a different result.  Mr. Yakas cites no authority to support that it does, and, as noted, he had ample opportunity to bring his intention expressed in the paragraph to the court's attention at the hearing.  Therefore, as in *Finney*, we hold that counsel validly waived section 16-14-104(2)'s advisement requirement.[3]  As well, because Mr. Yakas waived his UMDDA rights, the trial court had jurisdiction to accept his guilty pleas.

## III.   Conclusion

¶ 39     The order is affirmed.

JUDGE FOX and JUDGE WELLING concur.

---

[3] We do not address Mr. Yakas's argument, raised for the first time in his reply brief, that any waiver, if valid, was not voluntary.  *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).

17